**Opinion issued February 25, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-13-00993-CR**

————————————

**DONOVAN ROBINS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 180th District Court
Harris County, Texas
Trial Court Case No. 1071943

**MEMORANDUM OPINION**

Appellant, Donovan Robins, was convicted of the felony offense of capital murder. *See* TEX. PENAL CODE ANN. § 19.03 (West Supp. 2013). We affirmed the trial court's judgment in an unpublished opinion. *See Robins v. State*, No. 01-07-00664-CR, 2008 WL 2388173 (Tex. App.—Houston [1st Dist.] June 12, 2008, pet.

ref'd) (not designated for publication). Our mandate issued on March 17, 2009. On October 11, 2013[1], Robins appealed the trial court's July 16, 2013 order denying his "Motion Reformation Capital Murder Judgment," in which Robins requested that the trial court reform the judgment "to show the Jury's True Verdict [that] was assessed by sentencing Applicant to 'LIFE'."

We lack jurisdiction over this attempted appeal. As an initial matter, we cannot exercise jurisdiction over an appeal unless a notice of appeal is filed in compliance with Rule 26 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 26.2(a); *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Here, Robins's notice of appeal was filed-stamped in the trial court clerk's office on October 11, 2013—57 days after the deadline for filing a notice of appeal from the order denying Robins's motion. *See* TEX. R. APP. P. 26.2(a). Because the notice of appeal was untimely, we have no basis for jurisdiction over this appeal. *See Slaton*, 981 S.W.2d at 210; *Olivo*, 918 S.W.2d at 522–23.

---

[1] Robins's notice of appeal was dated September 30, 2013 and file-stamped in this Court on October 7, 2013 and in the trial court on October 11, 2013. *See* TEX. R. APP. P. 9.2(b); *Taylor v. State*, No. PD-0180-13, 2014 WL 440990 (Tex. Crim. App. Feb. 5, 2014); *Campbell v. State*, 320 S.W.3d 338, 344 (Tex. Crim. App. 2010). Because appellant's notice of appeal was not given to prison officials until at least September 30, 2013, which was after the deadline for filing his notice of appeal, we use the date it was file-stamped by the trial court clerk as the filing date. *See* TEX. R. APP. P. 9.2(b), 25.2(c)(1); *cf. id.* 25.1(a).

Further, only the Texas Court of Criminal Appeals has jurisdiction in final post-conviction felony proceedings, which are governed by Article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2013); *Olivo*, 918 S.W.2d at 525 n.8; *Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995); *In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding). "Courts of appeals have no jurisdiction over post-conviction writs of habeas corpus in felony cases. Article 11.07 contains no role for the courts of appeals." *In re Briscoe*, 230 S.W.3d 196, 196 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding) (internal citations omitted). Because Robins's conviction for the felony offense of capital murder became final on March 17, 2009, we have no jurisdiction over this appeal.

Accordingly, we dismiss the appeal. *See* TEX. R. APP. P. 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Massengale and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).