**Opinion issued March 25, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————————

## NO. 01-14-00032-CR

———————————————

**ANTHONY MARCUS COLEMAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 178th District Court**
**Harris County, Texas**
**Trial Court Case No. 1404520**

## MEMORANDUM OPINION

Appellant, Anthony Marcus Coleman, pleaded guilty to the state jail felony

offense of theft. *See* TEX. PENAL CODE ANN. § 31.03(a), (e)(4) (West Supp. 2013).

On November 11, 2013, the trial court found appellant guilty and, in accordance

with the terms of appellant's plea bargain agreement with the State, sentenced

appellant to confinement for eight months. On December 19, 2013, appellant filed a pro se notice of appeal. We dismiss the appeal.

In a plea bargain case, a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal. TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2006); TEX. R. APP. P. 25.2(a)(2). An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d).

Here, the trial court's certification is included in the record on appeal. *See id.* The trial court's certification states that this is a plea bargain case and that the defendant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). The record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). Because appellant has no right of appeal, we must dismiss this appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Further, we cannot exercise jurisdiction over an appeal unless a notice of appeal is filed in compliance Rule 26 of the Texas Rules of Appellate Procedure.

*See* TEX. R. APP. P. 26.2; *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). Appellant did not file a motion for new trial or a motion for extension of time to file his notice of appeal. *See* TEX. R. APP. P. 26.2(a)(2), 26.3(b); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) (requiring both notice of appeal and motion for extension to be filed within 15 days of original due date for notice of appeal). Therefore, appellant's notice of appeal was due on or before December 11, 2013. *See* TEX. R. APP. P. 26.2(a)(1).

The Court of Criminal Appeals has expressly held that without a timely filed notice of appeal we cannot exercise jurisdiction over an appeal. *See Olivo*, 918 S.W.2d at 522; *see also Slaton*, 981 S.W.2d at 210. Because appellant's December 19, 2013 notice of appeal was untimely,[1] we have no basis for jurisdiction over this appeal. *See Slaton*, 981 S.W.2d at 210; *Olivo*, 918 S.W.2d at 523.

---

[1]     As a general matter, a notice of appeal is "filed" when it is physically delivered to and received by the clerk of the trial court. *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012). However, the mailbox rule provides that a document received within ten days after the filing deadline is considered timely filed if it was "sent to the proper clerk" through the United States Postal Service, placed in a "properly addressed" and stamped envelope, and deposited in the mail on or before the last day of filing. TEX. R. APP. P. 9.2(b); *Taylor v. State*, No. PD-0180-13, 2014 WL 440990, at *3 (Tex. Crim. App. Feb. 5, 2014). Here, the record contains an envelope with a postmark date of December 17, 2013 for appellant's notice of appeal. Although appellant's notice of appeal was received within ten days of the filing deadline, it was not deposited in the mail before or on December 11, 2013. *See* TEX. R. APP. P. 9.2(b). Therefore, the mailbox rule does not apply. *See id.* Further, appellant has provided no evidence to show that he delivered his notice of appeal to jail officials by December 11, 2013, which was six days before the notice of appeal was mailed and eight days before the notice of appeal was file-stamped. *See Campbell v. State*, 320 S.W.3d 338, 344 (Tex. Crim. App. 2010)

Accordingly, we dismiss the appeal for want of jurisdiction. We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Jennings, Higley, and Sharp.

Do not publish. TEX. R. APP. P. 47.2(b).

---

("We hold that the pleadings of *pro se* inmates shall be deemed filed at the time they are delivered to prison authorities for forwarding to the court clerk.").