**Opinion issued February 10, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-14-00858-CR**

———————————

**TRAVIS TERRELL LYONS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 180th Judicial District Court**
**Harris County, Texas**
**Trial Court Case No. 1235888**

---

**MEMORANDUM OPINION**

Appellant, Travis Terrell Lyons, proceeding *pro se* and incarcerated, was convicted of the felony offense of capital murder in 2012. *See* TEX. PENAL CODE ANN. § 19.03 (West Supp. 2014). We affirmed the trial court's judgment, which assessed appellant's punishment at life in prison, on August 20, 2013, and the

Texas Court of Criminal Appeals refused appellant's petition for discretionary review on January 15, 2014. *See Lyons v. State*, No. 01-12-00062-CR, 2013 WL 4478000, at \*1 (Tex. App.—Houston [1st Dist.] Aug. 20, 2013, pet. ref'd) (mem. op., not designated for publication). Our mandate issued on February 21, 2014.

On September 12, 2014,[1] appellant attempted to appeal from the trial court's April 14, 2014 order denying his "Motion to Obtain Documents and Trial Records and Appellate Records In Forma Pauperis." Appellant requested that the trial court provide him free records for him to file an application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure.

We lack jurisdiction over this attempted appeal. As an initial matter, we cannot exercise jurisdiction over an appeal unless a notice of appeal is filed in compliance with Rule 26 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 26.2(a)(1); *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Here, appellant's notice of appeal was file-stamped in the trial court clerk's office on September 12, 2014—121 days after the May 14, 2014 deadline for appealing from the April 14,

---

[1] Appellant's notice of appeal was dated September 8, 2014, and file-stamped in the trial court on September 12, 2014. *See* TEX. R. APP. P. 9.2(b); *Taylor v. State*, 424 S.W.3d 39, 43-44 (Tex. Crim. App. 2014); *Campbell v. State*, 320 S.W.3d 338, 344 (Tex. Crim. App. 2010). Because appellant's notice of appeal was not given to prison officials until at least September 8, 2014, which was after the deadline for filing his notice of appeal, we use the date it was file-stamped by the trial court clerk as the filing date. *See* TEX. R. APP. P. 9.2(b), 25.2(c)(1); *cf. id.* 25.1(a).

2

2014 order denying appellant's motion. *See* TEX. R. APP. P. 26.2(a)(1). Because the notice of appeal was untimely, we have no basis for jurisdiction over this appeal. *See Slaton*, 981 S.W.2d at 210; *Olivo*, 918 S.W.2d at 523.

Furthermore, only the Texas Court of Criminal Appeals has jurisdiction in final post-conviction felony proceedings, which are governed by Article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2014); *Olivo*, 918 S.W.2d at 525 n.8; *Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995); *In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding). "Courts of appeals have no jurisdiction over post-conviction writs of habeas corpus in felony cases. Article 11.07 contains no role for the courts of appeals." *In re Briscoe*, 230 S.W.3d 196, 196 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding) (internal citations omitted). Because appellant's conviction for the felony offense of capital murder became final on February 21, 2014, we have no jurisdiction over this appeal.

Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justice Keyes, Bland, and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).