**Opinion issued March 10, 2015**



In The

# Court of Appeals

For The

## First District of Texas

———————————

**NO. 01-15-00085-CR**

———————————

**EX PARTE TIMOTHY DAVID CHATMON, Appellant**

---

**On Appeal from the 268th District Court
Fort Bend County, Texas
Trial Court Cause No. 12-DCR-061412**

---

**MEMORANDUM OPINION**

Appellant, Timothy David Chatmon, proceeding *pro se* and incarcerated, was convicted of the first-degree felony offense of injury to a child in 2013. *See* TEX. PENAL CODE ANN. §§ 22.04(a)(1), (e) (West Supp. 2014). We dismissed appellant's direct appeal of the trial court's judgment, which sentenced appellant to 15 years in prison in accordance with his plea agreement, on August 1, 2013, for

want of jurisdiction because he waived his right to appeal. *See Chatmon v. State*, No. 01-13-00557-CR, 2013 WL 3968465, at *1 (Tex. App.—Houston [1st Dist.] Aug. 1, 2013, no pet.) (mem. op., not designated for publication). Our mandate issued on October 28, 2013.

On January 10, 2015, appellant attempted to appeal from the trial court's December 10, 2014 findings of fact and conclusions of law, recommendation and order denying his post-conviction application for a writ of habeas corpus, filed pursuant to Article 11.07 of the Texas Code of Criminal Procedure.[1] After denying appellant's habeas application on December 10, 2014, the trial court forwarded the order and appellant's application papers to the Texas Court of Criminal Appeals, which denied his application without a written order on January 7, 2015. *See Ex parte Chatmon*, WR-80,386-02 (Tex. Crim. App. Jan. 7, 2015).

In any event, we lack jurisdiction over this attempted appeal. Only the Texas Court of Criminal Appeals has jurisdiction in final post-conviction felony proceedings, which are governed by Article 11.07 of the Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2014); *Olivo*

---

[1] Under the prisoner mailbox rule, appellant's notice of appeal was deemed filed on January 10, 2015, the date he certified it was forwarded to be mailed to the trial clerk. *See Taylor v. State*, 424 S.W.3d 39, 43-44 (Tex. Crim. App. 2014); *Campbell v. State*, 320 S.W.3d 338, 344 (Tex. Crim. App. 2010). Although appellant's notice of appeal was file-stamped by the trial clerk on January 20, 2015, that was timely filed because it was within 10 days of his January 9, 2015 deadline to appeal from the trial court's order. *See* TEX. R. APP. P. 4.1(a), 9.2(b)(1)(A), 25.2(b), (c)(1), 26.2(a)(1).

*v. State*, 918 S.W.2d 519, 525 n. 8 (Tex. Crim. App. 1996); *Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995); *In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding). "Courts of appeals have no jurisdiction over post-conviction writs of habeas corpus in felony cases. Article 11.07 contains no role for the courts of appeals." *In re Briscoe*, 230 S.W.3d 196, 196 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding) (internal citations omitted). Because appellant's felony conviction became final on October 28, 2013, even if the Texas Court of Criminal Appeals had not already denied it, we have no jurisdiction over this appeal.

Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justice Keyes, Bland, and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).