

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0180-13

**HENRY EARL TAYLOR, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIRST COURT OF APPEALS
### HARRIS COUNTY

ALCALA, J., delivered the opinion of the Court in which MEYERS, PRICE, JOHNSON, HERVEY, and COCHRAN, JJ., joined. KELLER, P.J., filed a dissenting opinion in which KEASLER, J., joined. WOMACK, J., dissented.

### O P I N I O N

Is a *pro se*, incarcerated defendant's notice of appeal timely filed when it is mailed to the court of appeals on or before the filing deadline; forwarded by that court to the proper trial-court clerk; and received in the trial court within the ten days permitted under the mailbox rule? Arguing that the answer to this question is "yes," Henry Earl Taylor, appellant, contends in his sole ground for review that the court of appeals erred by dismissing his appeal for lack of jurisdiction on the basis that his notice of appeal, which was

mistakenly sent to the court of appeals and forwarded to the district-court clerk within ten days of the filing deadline, was not timely filed under the mailbox rule. *See Taylor v. State*, No. 01-11-00052-CR, 2012 WL 5381215 (Tex. App.—Houston [1st Dist.] Nov. 1, 2012) (mem. op., not designated for publication). We agree with appellant. We conclude that, because the rules of appellate procedure required the clerk of the court of appeals to forward appellant's notice of appeal to the trial-court clerk, and because his notice of appeal was actually received by the convicting court within the time limits established under the mailbox rule, appellant's apparent mistake in sending his notice of appeal to the court of appeals instead of to the district-court clerk was, at most, a harmless procedural defect that did not render the notice of appeal untimely. *See* TEX. R. APP. P. 9.2(b); 25.2(c)(1). We, therefore, reverse the dismissal by the court of appeals and remand for further proceedings consistent with this opinion.

## I. Procedural Background

Appellant was charged with evading arrest with a motor vehicle. He pleaded no contest and received two years' deferred-adjudication community supervision. In March 2008, the State filed a motion to adjudicate his guilt. Appellant was arrested in September 2010, more than two years after his community supervision had expired. On November 18, 2010, after conducting a hearing on the State's motion, the trial court revoked appellant's deferred adjudication and sentenced him to two years' confinement in state jail. Appellant sought to appeal the trial court's judgment on the basis of ineffective assistance of counsel.

Because appellant did not file any motions that would have extended the appellate deadlines, his notice of appeal was due within thirty days, or by December 18. *See* TEX. R. APP. P. 26.2(a)(1). That date fell on a Saturday, which made the notice of appeal due on Monday, December 20. *See* TEX. R. APP. P. 4.1(a).

It initially appeared, as the saying goes, that appellant was a day late and a dollar short. The First Court of Appeals received appellant's *pro se* notice of appeal on Tuesday, December 21, which was one day late, and it was filed in the wrong court because it should have been filed in the convicting court. *See* TEX. R. APP. P. 25.2(c)(1). The court of appeals forwarded the notice of appeal to the clerk of the convicting court, where it was stamped filed on December 27, which was outside the thirty-day window for filing a notice of appeal, but within the additional ten days permitted under the mailbox rule. *See* TEX. R. APP. P. 9.2(b)(1).

On appeal, the State argued that appellant's notice of appeal was not timely filed and, therefore, the court of appeals lacked jurisdiction. *Taylor*, 2012 WL 5381215, at *1-2. In its initial review of the case for determination of jurisdiction, the court of appeals could not definitively determine whether appellant's notice of appeal was timely filed because the document itself did not indicate how it had been sent, and the court of appeals was unable to locate any envelope associated with it that might indicate how it was filed. *Id*. at *1 (stating that appellate court was initially "unable to determine whether the notice of appeal was filed by mail," and further noting that "[n]o certificate of service or envelope

accompanied the notice of appeal," which was "undated" and "hand-written"). As a result, it was initially a mystery whether appellant had found someone to personally deliver the document for him or whether he had mailed it himself. *Id*. In an attempt to solve the mystery, the court of appeals provided appellant the opportunity to demonstrate that his appeal was timely filed for the purpose of establishing jurisdiction. *Id*. at *1-2. Responding to the request, appellant's newly appointed counsel cited to an earlier abatement order by the court of appeals containing a finding that appellant "timely filed his *pro se* notice of appeal." *Id*. at *1. Counsel, however, failed to describe the factual circumstances that would explain how the notice of appeal had reached the court of appeals. *Id*.[1] The court of appeals, unpersuaded that the mystery had been solved by counsel's uninformative response, dismissed the appeal for lack of jurisdiction. *Id*.

Appellant filed a motion for rehearing, asserting that his notice was timely filed under the "prisoner mailbox rule." *Id*. at *2. The court of appeals ordered appellant to file a written declaration under penalty of perjury regarding the circumstances surrounding the filing of his notice of appeal, including "when and how [he] filed his notice of appeal" and "any other facts relevant to the issue of whether appellant's notice of appeal was timely filed." Appellant responded by filing a handwritten declaration, in which he explained that

[1]    Although the court of appeals ordered appellant to provide a "detailed explanation, citing relevant portions of the record, statutes, rules and case law, to show that [the court of appeals] ha[d] jurisdiction of the appeal," the record reflects that appointed counsel responded by filing a response consisting of three sentences, in which he "concede[d] the obvious," that the date of the judgment and the date of the notice of appeal are "more than 30 days apart," and asserted that he, upon being appointed, had merely relied upon the court's earlier abatement order.

he placed his notice of appeal "'in an envelope and placed it in the mail slot on December 17, 2010. This was mailed from Joe Kegon [sic] State Jail.'" *Id*.

The court of appeals vacated and withdrew its original opinion and substituted it with an opinion on rehearing. *Id.* at *1. Dissatisfied that appellant had established that his notice of appeal met the requirements of the mailbox rule, the court of appeals again determined that it lacked jurisdiction and dismissed the appeal. *Id*. at *2. It concluded that, although appellant asserted that he "mailed the notice of appeal by the deadline," this "says nothing about whether it was properly addressed to the correct court." *Id*. The court of appeals determined that, in the absence of evidence in the record affirmatively showing that the notice was properly addressed to the correct court, the mailbox rule was inapplicable. *Id*. (stating that "[w]ithout this information [regarding whether the notice was addressed to the proper court], the prisoner mailbox rule does not apply, and there is still nothing in the record demonstrating that [appellant's] notice of appeal was timely filed"). It further reasoned that, even if appellant showed that he deposited the notice of appeal with prison officials for mailing to the appellate court on or before the filing deadline, his notice of appeal would not be timely. *Id*. ("The receipt of a notice of appeal in this Court prior to the appeal deadline does not give this Court jurisdiction over a criminal appeal. Even if [appellant]'s notice of appeal was deemed received in this Court prior to December 20, 2010[,] under the prisoner mailbox rule, that fact would not give this Court jurisdiction over the appeal, because nothing in the record shows that [appellant] properly addressed and mailed the notice of appeal to the

trial court clerk."). In short, though appellant's notice of appeal reached the right place at the right time under the mailbox rule, it was found lacking because it took the scenic route to get there.

This Court granted review to determine whether the court of appeals erred by dismissing the appeal for lack of jurisdiction.[2] In their briefs on discretionary review, the parties dispute whether appellant met the requirements of the mailbox rule. Specifically, the parties disagree as to whether appellant (1) sent his notice to the proper clerk, and (2) accurately addressed the envelope containing the notice. After initially describing the applicable law, we conclude that appellant's notice of appeal adequately met the two challenged requirements in the mailbox rule.

## II. Jurisdiction Was Invoked Pursuant to the Mailbox Rule

### A. Law Applicable to Defendant's Filing of Notice of Appeal

A timely notice of appeal is necessary to invoke a court of appeals's jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). Rule 25.2 of the Texas Rules of Appellate Procedure provides that, "[i]n a criminal case, appeal is perfected by timely

---

[2] Appellant's sole ground for review states,

The "mailbox rule" deems certain documents filed so long as they arrive at the clerk's office within ten days of the due date and are "properly addressed." Under this Court's decision in *Moore v. State*, [840 S.W.2d 439 (Tex. Crim. App. 1992)] an envelope is properly addressed if "sufficiently specific as to be timely received at the proper place." Did the First Court of Appeals commit error by dismissing this appeal for lack of jurisdiction even though the notice of appeal arrived via the mail to the proper clerk within ten days of its due date?

filing a sufficient notice of appeal." TEX. R. APP. P. 25.2(b). A defendant's notice of appeal is timely if filed within thirty days after the day sentence is imposed or suspended, or within ninety days after sentencing if the defendant timely files a motion for new trial. TEX. R. APP. P. 26.2(a)(1). To be sufficient, notice must "show[] the party's desire to appeal from the judgment," be given in writing, and be filed with the trial-court clerk. TEX. R. APP. P. 25.2(c). Although Rule 25.2 requires an appellant to file his notice of appeal with the trial-court clerk, that rule further states that "[i]f the notice of appeal is received in the court of appeals, the clerk of that court shall immediately record on the notice the date that it was received and send the notice to the trial court clerk." TEX. R. APP. P. 25.2(c)(1).

As a general matter, a notice of appeal is "filed" when it is physically delivered to, and received by, the clerk of the trial court. *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012). However, a longstanding exception to the physical-delivery requirement is the mailbox rule, codified as Texas Rule of Appellate Procedure 9.2(b), which applies in both civil and criminal cases and provides that a document received within ten days after the filing deadline is considered timely filed if it was "sent to the proper clerk" through the United States Postal Service; placed in a "properly addressed," stamped envelope; and deposited in the mail on or before the last day of filing. TEX. R. APP. P. 9.2(b); *see Castillo*, 369 S.W.3d at 198-99; *Villarreal v. State*, 199 S.W.3d 30, 31 (Tex. App.—San Antonio 2006, pet. ref'd). Furthermore, under the mailbox rule as it applies to prisoners, often called the "prisoner mailbox rule," a *pro se* inmate's pleading is deemed filed at the time the prison authorities

duly receive the document to be mailed. *See Castillo*, 369 S.W.3d at 199 n.14; *Campbell v. State*, 320 S.W.3d 338, 344 (Tex. Crim. App. 2010); *Villarreal*, 199 S.W.3d at 31–32; TEX. R. APP. P. 9.2(b).

## B. Appellant Adequately Sent His Notice to the Proper Clerk

Applying these rules to the present case, we observe that, although appellant apparently sent his notice of appeal to the court of appeals instead of to the clerk of the convicting court, the plain language in the Texas Rules of Appellate Procedure required the clerk for the court of appeals to date-stamp and immediately forward appellant's notice of appeal to the trial-court clerk. *See* TEX. R. APP. P. 25.2(c)(1) ("If the notice of appeal is received in the court of appeals, the clerk of that court shall immediately record on the notice the date that it was received and send the notice to the trial court clerk.").[3] Apparently, in the past, this type of mistake was so common so as to require the creation of a rule of appellate procedure to address it. *See id*. The rules of appellate procedure now mandate that a notice of appeal that takes the scenic route through the beautifully renovated historic appellate courthouse in Houston will be just a quick pit stop on the way to the correct, ultimate

---

[3]     Interpreting this provision in *dicta*, this Court recently stated that a "notice of appeal is filed if it is timely received by the court of appeals on or before the applicable filing deadlines, because the clerk of that court will 'immediately record on the notice the date that it was received and send the notice to the trial court clerk.'" *Castillo v. State*, 369 S.W.3d 196, 198 n.11 (Tex. Crim. App. 2012) (quoting TEX. R. APP. P. 25.2(c)(1)).

destination: the criminal district court located a block away.[4]  Because the court of appeals was mandated under the rules of appellate procedure to date-stamp and forward the notice of appeal to the trial-court clerk, and the notice of appeal actually reached the correct destination within the period of time permitted under the mailbox rule, we conclude that appellant timely filed his notice of appeal.  *See id*.

We find support for our conclusion in *Moore v. State*, in which this Court held that imperfections in the address on an envelope containing a notice of appeal do not automatically render the mailbox rule inapplicable. 840 S.W.2d 439, 440–41 (Tex. Crim. App. 1992) (interpreting former Rule 4(b) of the Texas Rules of Appellate Procedure, which contained substantially the same language as current Rule 9.2(b)).  In *Moore*, this Court determined that an envelope generally addressed to the bond-forfeiture clerk on the second floor of the Frank Crowley Courts Building in Dallas was adequate under the mailbox rule even though there were two clerk's offices located on that floor, one for the district court and one for the county court.  *Id*. at 440-41.  This Court reasoned that "an employee who works in the [building's] receiving department . . . whose duties include processing and forwarding mail, can properly be considered an agent of the district clerk.  Therefore, once [Moore's]

---

[4]     Although we recognize, as the dissenting opinion points out, that the corresponding civil rule is more explicit in stating that a notice of appeal filed with the appellate court is "deemed to have been filed the same day with the trial court clerk," that additional language in the civil rule is not dispositive of the issue in this case. *Compare* TEX. R. APP. P. 25.1(a), *with id*. at 25.2(c)(1).  We do not reach our result by deeming the notice of appeal filed on the date that the court of appeals received it because, even if this court had a rule similar to the civil rule, under that rule, the notice would be one day late absent application of the mailbox rule.  The difference between the civil and criminal rules is immaterial to the present dispute and is a red herring.

cost bond arrived in the receiving department, it was within the effective custody or control of the district clerk." *Id*. at 441. This Court further explained that, although Moore's envelope did not specify to which clerk's office it was addressed, it "was not improperly addressed because it was sufficiently specific as to be timely received at the proper place," and, thus, the mailbox rule was applicable. *Id*.

This Court's rationale in *Moore* supports our conclusion in this case. Appellant, acting *pro se* while incarcerated in a state jail, timely placed his notice of appeal into a stamped envelope that, as we explain below, presumably had the address of the correct court of appeals, to which the convicting district court would answer and which is located only a block away. The appellate court, in accordance with its duties under the rules of appellate procedure, forwarded that notice of appeal to the trial court, and the document was received by the trial-court clerk within the ten days permitted under the mailbox rule. *See* TEX. R. APP. P. 9.2(b)(1).[5] Because the address to which appellant sent his notice of appeal was "sufficiently specific" for the document to be received in the proper place at the proper time,

---

[5]     To the extent that the court of appeals may have suggested that the notice of appeal was insufficient in terms of its content, we disagree. *See Taylor v. State*, No. 01-11-0052-CR, 2012 WL 5381215, at *1 (Tex. App.—Houston [1st Dist.] Nov. 1, 2012) (mem. op., not designated for publication). Not surprisingly, the notice of appeal filed by appellant, as a *pro se* document, was not a model of perfection. Nothing in the handwritten and undated notice of appeal indicated how it came into the hands of the clerks of the courts. Perfection, however, is unnecessary for a notice of appeal, which need only demonstrate an appellant's desire to appeal the judgment. *See* TEX. R. APP. P. 25.2(c)(2) ("Notice is sufficient if it shows the party's desire to appeal from the judgment[.]"). Any lack of clarity in the certificate of service shown in the notice of appeal itself, therefore, would not be a basis for finding lack of jurisdiction if the notice was timely received and indicated appellant's desire to appeal. *See id*.

the notice of appeal was properly filed for purposes of the mailbox rule. *See Moore*, 840 S.W.2d at 441.

## C. Appellant Accurately Addressed His Envelope

The State contends, and the dissenting opinion agrees, that the real issue in this case is appellant's failure to provide adequate evidence to support his contention that he properly addressed his notice of appeal. The State points out, for example, that the record contains no "envelope showing to whom and where appellant addressed his notice of appeal," and no "explanation from the clerk regarding the existence or loss of the envelope." It also points out that appellant did not affirmatively identify in his declaration the address to which he mailed his notice of appeal. On this basis, it contends that appellant failed to meet his burden of proving that he complied with the requirements of the mailbox rule. We, however, conclude that, in the absence of direct evidence, as here, an appellate court may reasonably infer from the circumstances that appellant addressed his envelope to the clerk of the court of appeals.[6] Given that the notice of appeal was stamped received in the court of appeals on

---

[6]    The dissenting opinion partially quotes a footnote from *DaimlerChrysler Corp. v. Cuno*, which discusses a plaintiff's burden to establish standing upon a challenge to it. *See DaimlerChrysler Corp. v. Cuno,* 547 U.S. 332, 342 n.3, 126 S. Ct. 1854 (2006). The full footnote states,

> Because defendants removed the case from state court to District Court, plaintiffs were not initially the parties that invoked federal jurisdiction. Indeed, plaintiffs initially expressed doubts as to their standing. Nonetheless, because we presume that federal courts lack jurisdiction unless the contrary appears affirmatively in the record, the party asserting federal jurisdiction when it is challenged has the burden of establishing it. Whatever the parties' previous positions on the propriety of a federal forum, plaintiffs, as the parties seeking to establish federal jurisdiction, must make

(continued...)

Tuesday, December 21, 2010, just four days after the preceding Friday when appellant deposited it in the prison mail slot, it is reasonable for an appellate court to infer that the notice of appeal was, in fact, addressed to that court's clerk, and not to any other court or third party. In analogous situations, the Texas Supreme Court has referred to this type of reasonable inference as a presumption.[7]

We further note that appellant, who was incarcerated at the time he filed his notice of appeal, had limited control over the circumstances surrounding the filing of that document and should not be penalized for his inability to provide affirmative evidence, beyond his sworn declaration, to demonstrate that he timely filed his notice of appeal. *See Houston v. Lack*, 487 U.S. 266, 271, 275 (1988) (noting that *pro se* prisoner's "control over the

---

[6](...continued)
　　　the showings required for standing.

*Id.* (citations omitted). Because standing is a concept inapplicable to criminal law, the Supreme Court's statements with respect to the proof requirements applicable in that context have little value in this case. Furthermore, our reference to the drawing of reasonable inferences concerns a question of fact on the matter of whether a court may infer that an item was addressed to a location based on the fact that it arrived at the location four days after the date on which the defendant placed the item into the mail. Nothing about this inference suggests that there is a presumption in favor of or against a finding of jurisdiction. And nothing about this inference suggests that there need not be facts to underlie the reasonableness of making the inference.

[7]　　　*See Ramos v. Richardson,* 228 S.W.3d 671, 673 (Tex. 2007) (stating that it was "logical to assume" that *pro se* prisoner's notices of appeal were placed in United States mail by prison officials on or before filing deadline "because they were received by the clerk" one day after that date, and rejecting respondents' suggestion that prisoner could "just as easily have given the notices of appeal to a family member who filed them in person" because there was "nothing in the record to suggest that occurred"); *Williams v. T.D.C.J.-I.D.,* 142 S.W.3d 308, 309 (Tex. 2004) (stating that court would "presume" that docketing statement was timely received "absent argument and evidence to the contrary" because it was mailed ten days before filing deadline).

processing of his notice [of appeal] necessarily ceases as soon as he hands it over to the only public officials to whom he has access—the prison authorities—and the only information he will likely have is the date he delivered the notice to those prison authorities and the date ultimately stamped on his notice"); *Campbell*, 320 S.W.3d at 342-43 (adopting this rationale). Although the envelope bearing the address to which appellant's notice of appeal was mailed appears to have been lost at some point, appellant should not be penalized for that loss. As this Court has stated previously in a related context, appellant's right to appeal "should not depend upon tracking through a trail of technicalities." *Few v. State*, 230 S.W.3d 184, 190 (Tex. Crim. App. 2007).

## III. Conclusion

Though imperfectly addressed, appellant's notice of appeal arrived in the proper court within the window of time permitted under the mailbox rule, thereby invoking the jurisdiction of the court of appeals. Because the court of appeals had jurisdiction over this appeal, we reverse and remand the case for consideration of its merits.

Delivered: February 5, 2014

Publish