**Order entered September 17, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01424-CR

**SAWEAT JINTANONT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 2**
**Dallas County, Texas**
**Trial Court Cause No. F12-45928-I**

## ORDER

The Court **REINSTATES** the appeal.

On July 28, 2014, we ordered the trial court to make findings regarding why appellant's brief has not been filed. We **ADOPT** the trial court's finding that: (1) appellant filed his notice of appeal with this Court on October 17, 2014; (2) the copy of the notice filed with this Court was not file-stamped by the District Clerk until April 10, 2014; (3) the trial court did not know the case was on appeal; and (4) the trial court has now appointed George Conkey to represent appellant on appeal.

We **DIRECT** the Clerk to list George Conkey as appellant's attorney of record.

We note the trial court expressed concern regarding jurisdiction over the appeal due to the late receipt of the notice of appeal by the Dallas County District Clerk. Texas Rule of

Appellate Procedure 25.2(c)(1) provides that if a notice of appeal is filed with the clerk of the court of appeals, that clerk shall immediately record on the notice the date it was received and send the notice to the trial court clerk. In *Taylor v. State*, 424 S.W.3d 39, the court of criminal appeals concluded the appellate court had jurisdiction over the appeal when the notice of appeal was filed by the clerk of the appellate court and forwarded to the clerk of the trial court and filed there within ten days of its due date. *Id.* at 41. At issue in *Taylor* was the application of the mailbox rule, not the impact of a delay in forwarding a notice of appeal from the appellate court to the trial court clerk. *See id.* 41–47.

In this case, the Court has no explanation for the six-month delay in the receipt of the notice of appeal by this Court and the file-stamped date showing receipt by the Dallas County District Clerk. We decline to attribute that delay to appellant given that his notice of appeal was filed in this Court within seven days of his sentencing. *See* TEX. R. APP. P. 25.2(c)(1), 26.2(a)(1). Accordingly, we conclude we have jurisdiction over the appeal.

The clerk's and reporter's records have been filed. Accordingly, we **ORDER** appellant to file his brief within **FORTY-FIVE DAYS** of the date of this order.

/s/  CAROLYN WRIGHT
   CHIEF JUSTICE