

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-82,072-01

**EX PARTE KENNETH LASHON GREEN, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. CR38038 IN THE 385TH DISTRICT COURT FROM MIDLAND COUNTY

*Per curiam*.

**O R D E R**

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of sexual assault and sentenced to four years' imprisonment for each count, to run consecutively. The Eleventh Court of Appeals affirmed his conviction. *Green v. State*, No. 11-11-00276-CR (Tex. App. – Eastland, August 30, 2013). This Court subsequently dismissed Applicant's petition for discretionary review ("PDR") as untimely filed.

Applicant contends, among other things, that his trial counsel and appellate counsel both rendered ineffective assistance relating to the cumulation of his sentences. Pointing out that the

complainant in both counts of the indictment was over the age of 17, Applicant alleges that the trial court did not have the authority to cumulate the sentences in the two counts, which arose from the same criminal episode and were prosecuted in a single proceeding. *See* TEX. PEN. CODE §3.03. Applicant alleges that trial counsel was ineffective for failing to object to the cumulation order, and that appellate counsel was ineffective for failing to raise the improperly cumulation on direct appeal.

Applicant also alleges that this Court erroneously dismissed his PDR as untimely filed. Applicant alleges that he placed his *pro se* PDR in the prison mail system before the due date of December 2, 2013, and that this Court received the PDR within ten days of the due date. Citing the application of the "prisoner mailbox rule," Applicant alleges that his PDR was timely filed. *See* TEX. R. APP. PROC. 9.2(b); *Taylor v. State*, 424 S.W.3d 39, 44 (Tex. Crim App. 2014).

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel and appellate counsel to respond to Applicant's claims of ineffective assistance of counsel. Trial counsel shall state why he did not object to the cumulation of the sentences for the two counts in this case. Appellate counsel shall state why he did not raise the improper cumulation issue on direct appeal. In addition, the trial court shall order the supervisor of the prison mail unit to which Applicant was assigned during the relevant period to file an affidavit stating the date upon which Applicant's *pro se* PDR was placed into the prison mail system, and stating whether it was properly addressed. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal

recollection. *Id.*

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether trial counsel's deficient performance prejudiced Applicant. The trial court shall make findings as to whether the performance of Applicant's appellate counsel was deficient, and, if so, whether appellate counsel's deficient performance prejudiced Applicant. The trial court shall also make findings as to the date upon which Applicant's *pro se* PDR was placed into the prison mail system, and as to whether the PDR was properly addressed. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: October 1, 2014
Do not publish