ACCEPTED
04-15-00356-CR
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
6/22/2015 10:39:22 AM
KEITH HOTTLE
CLERK

## NO. 04-15-00356-CR

IN THE COURT OF APPEALS
FOURTH COURT OF APPEALS DISTRICT OF TEXAS
AT SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
6/22/2015 10:39:22 AM
KEITH E. HOTTLE
Clerk

**ALFRED F. VALENZUELA**,
Appellant

v.

**THE STATE OF TEXAS**,
Appellee

### APPELLANT'S RESPONSE TO THE ORDER PROPOSING TO DISMISS THIS APPEAL FOR NO RIGHT OF APPEAL

TO THE HONORABLE COURT OF APPEALS:

Comes now ALFRED F. VALENZUELA, Appellant, by and through undersigned counsel, in reply to the order of this Honorable Court dated June 17, 2015, shows the Court the following:

I.    Procedural history:

Appellant was charged by indictment in cause number 2013-CR-9521 for the offense of assault-family violence-second offense (habitual), alleged to have been committed in Bexar County, Texas, on or about August 24, 2013. (CR, 4).

On November 17, 2014, pursuant to a written plea agreement with the State, Appellant pleaded nolo contendere to the reduced offense of assault-family violence-second offense (repeater). (CR, 5-9). As part of the plea agreement, Appellant waived the right of appeal in writing. (CR, 9). On March 31, 2015, the

trial court, the Honorable Lorina Rummel presiding, followed the terms of the plea agreement and sentenced Appellant to a term of five years' of confinement in the Texas Department of Criminal Justice – Institutional Division, with a fine of $1,500. (CR, 45-46). The trial court certified that this is a plea-bargain case, and Appellant has "NO right of appeal." (CR, 44). By his signature, Appellant acknowledged that he was informed that he has no right of appeal in this case. (CR, 44).

Appellant filed a pro se notice of appeal, file-marked on June 9, 2015, but with an unsworn declaration dated April 22, 2015, and bearing a postmark of April 29, 2015. (CR, 47-49). This notice of appeal was timely under the "prison mailbox rule." *Taylor v. State*, 424 S.W.3d 39, 43-44 (Tex. Crim. App. 2014). On June 11, 2015, the trial court appointed the Bexar County Appellate Public Defender to represent Appellant in this attempted appeal.

II.    No right of appeal:

Appellant has no right of appeal. As noted above, Appellant pleaded nolo contendere to the charged offense pursuant to a written plea agreement with the State. (CR, 5-9). As part of the plea agreement, Appellant waived the right of appeal in writing. (CR, 9). The trial court certified that this is a plea-bargain case, and Appellant has "NO right of appeal." (CR, 44). Appellant signed that notice. (CR, 44).

Rule 25.2(d) of the Texas Rules of Appellate Procedure provides, "The appeal must be dismissed if a certification that shows the defendant has a right of appeal has not been made part of the record under these rules." TEX. R. APP. P. 25.2(d). The undersigned attorney has reviewed documents including the electronic clerk's record of this case and can find no right of appeal for Appellant. *See* TEX. R. APP. P. 25.2(a)(2) (in a plea-bargain case where the sentence did not exceed the agreed-upon punishment, the defendant may appeal only: matters raised by written motion and ruled upon before trial; or after getting the trial court's permission to appeal). Therefore, this Court has no choice but to dismiss the appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006)(where defendant has no right to appeal after his plea bargain, dismissal of the appeal is required, with no inquiry by the appellate court into even possibly meritorious claims); *Monreal v. State*, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003)(a valid waiver of appeal will prevent a defendant from appealing without the consent of the trial court).

III.   Relief available to Appellant:

Although the Court of Appeals is required to dismiss this this appeal, Appellant may file an application for a writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure, after the mandate is issued. It should be noted that if Mr. Valenzuela is granted habeas relief, his plea bargain

3

would no longer be applicable, and he could possibly face the full habitual offender range of punishment.

WHEREFORE, Appellant, by and through undersigned counsel, is compelled to concede that the Honorable Court of Appeals and must dismiss this appeal for the reasons stated above.

Respectfully submitted,


/s/ *Michael D. Robbins*
MICHAEL D. ROBBINS
Assistant Public Defender
Paul Elizondo Tower
101 W. Nueva St., Suite 370
San Antonio, Texas 78205
Bar No. 16984600
(210) 335-0701
FAX (210) 335-0707
mrobbins@bexar.org

ATTORNEY FOR APPELLANT

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing response has been emailed to the Bexar County District Attorney's Office, Appellate Division, Paul Elizondo Tower, 101 W. Nueva St., Suite 710, San Antonio, Texas 78205, on June, 2015.

/s/ *Michael D. Robbins*
MICHAEL D. ROBBINS
Assistant Public Defender