

# Fourth Court of Appeals
## San Antonio, Texas

September 30, 2015

No. 04-15-00596-CR

Isidro Espinosa **SOLIS,**
Appellant

v.

**THE STATE OF TEXAS,**
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2014CR2691
Honorable Mary D. Roman, Judge Presiding

# O R D E R

The trial court imposed sentence on Isidro Espinoza Solis on June 17, 2015. Solis timely filed a motion for new trial. Therefore, the notice of appeal was due on September 15, 2015, ninety days after sentence was imposed, or the notice and a motion for extension of time to file, were due within fifteen days later on September 30, 2015. Tex. R. App. P. 26.2(a)(2), 26.3. The record contains a notice of appeal file stamped September 17, 2015, but Solis did not file a motion for extension of time to file the notice of appeal.

A notice of appeal is considered "filed" when it is physically delivered to, and received by, the clerk of the trial court. *Taylor v. State*, 424 S.W.3d 39, 43 (Tex. Crim. App. 2014). However, an exception to the physical-delivery requirement is the mailbox rule, which provides that a document received within ten days after the filing deadline is considered timely filed if it was "sent to the proper clerk" through the United States Postal Service; placed in a "properly addressed," stamped envelope; and deposited in the mail on or before the last day of filing. TEX. R. APP. P. 9.2(b); *see Taylor*, S.W.3d at 43-44; *Villarreal v. State*, 199 S.W.3d 30, 31 (Tex. App.—San Antonio 2006, pet. ref'd). A pro se prisoner's pleading is deemed filed at the time it is delivered to the appropriate prison authorities for mailing. *Taylor* 424 S.W.3d at 44. A notice of appeal may therefore appear to be late if filed by mail.

Solis's notice of appeal was received by the district clerk within ten days after the filing deadline. However, the record before us is insufficient to determine whether the mailbox rule applies. The notice of appeal was signed by Solis's retained counsel, but does not contain a certificate of service. The notice of appeal does not indicate whether it was filed with the clerk's office in person or by mail and the record does not contain a copy of an envelope bearing a postmark.

We therefore **order** a response due **October 20, 2015,** establishing that the notice of appeal was timely filed by mail or otherwise showing cause why this appeal should not be dismissed for want of jurisdiction. *See Taylor*, 424 S.W.3d at 43 (stating that timely notice of appeal is necessary to invoke court of appeals' jurisdiction). If appellant fails to satisfactorily respond within the time provided, the appeal will be dismissed. If a supplemental clerk's record is necessary to show this court's jurisdiction, appellant has the burden to request the trial court clerk to prepare the record, identifying the additional pleadings and orders requested, and must file a copy of any such request with this court.

All deadlines in this matter are suspended until further order of the court.

_____
Luz Elena D. Chapa, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 30th day of September, 2015.

_____
Keith E. Hottle
Clerk of Court