

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00911-CR

Kevin **DIXON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CR6291
Honorable Mark R. Luitjen, Judge Presiding

PER CURIAM

Sitting:      Sandee Bryan Marion, Chief Justice
               Rebeca C. Martinez, Justice
               Liza A. Rodriguez, Justice

Delivered and Filed: January 16, 2019

DISMISSED FOR LACK OF JURISDICTION

In accordance with a plea-bargain agreement, Appellant Kevin Dixon was sentenced on October 15, 2018. Because Dixon did not file a motion for new trial, his notice of appeal was due on November 14, 2018. TEX. R. APP. P. 26.2(a)(1). A motion for extension of time to file his notice of appeal was due on November 29, 2018. TEX. R. APP. P. 26.3. The clerk's record indicates Dixon did not file his notice of appeal until November 19, 2018. He did not file a motion for extension of time to file his notice of appeal.

A timely notice of appeal is necessary to invoke this court's jurisdiction. *Taylor v. State*, 424 S.W.3d 39, 43 (Tex. Crim. App. 2014). A late notice of appeal may be considered timely so as to invoke our jurisdiction if (1) it is filed in the trial court within fifteen days of the last day allowed for filing; (2) a motion for extension of time is filed in the court of appeals within fifteen days of the last day allowed for filing the notice of appeal; and (3) the court of appeals grants the motion for extension of time. TEX. R. APP. P. 26.3. Although Dixon filed his notice of appeal within fifteen days of the last day allowed for filing, he did not file a timely motion for extension of time in this court. Therefore, Dixon has not met the requirements of rule 26.3.

On December 7, 2018, we ordered Dixon to show cause why this appeal should not be dismissed for lack of jurisdiction. In a footnote, we explained that the trial court's certification of defendant's right to appeal states that this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). Noting that the clerk's record appeared to accurately reflect that this is a plea-bargain case and Dixon did not have a right to appeal, we reasoned that even if Dixon had filed a timely notice of appeal, this appeal would, in all likelihood, be subject to dismissal under Texas Rule of Appellate Procedure 25.2(d). *See* TEX. R. APP. P. 25.2(d).

On December 28, 2018, Dixon's court-appointed attorney responded to our order, agreeing that Dixon's "case in the trial court was a plea-bargain case" and Dixon "forfeited his right of appeal when he entered his guilty plea to the underlying offense in exchange for a reduced sentence." Dixon's attorney does not address the timeliness of Dixon's notice of appeal.

Because the record reflects that Dixon did not timely file his notice of appeal, we dismiss this appeal for lack of jurisdiction.

PER CURIAM

Do not publish