

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-19-00201-CR
_____

NOAH DOUGLAS LARSON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 402nd District Court
Wood County, Texas
Trial Court No. 23,538-2-18

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

MEMORANDUM OPINION

Noah Douglas Larson has filed an untimely notice of appeal from a conviction of aggravated assault with a deadly weapon and the resulting four-year sentence.[1] We dismiss the appeal for want of jurisdiction.

The judgment of conviction in this matter indicates that Larson's sentence was imposed on May 22, 2019, and that his notice of appeal was filed on June 22, 2019, thirty-one days after imposition of sentence. *See* TEX. R. APP. P. 9.2(b); *Taylor v. State*, 424 S.W.3d 39, 43–44 (Tex. Crim. App. 2014) (under "prisoner mailbox rule," pro se inmate's notice is deemed filed when document is received by prison authorities for mailing).

There is nothing in the appellate record to indicate that Larson filed a motion for new trial. In the absence of a timely motion for new trial, Larson, to perfect his appeal, was required to file his notice of appeal within thirty days of the date sentence was imposed, or on or before June 21, 2019. *See* TEX. R. APP. P. 26.2(a)(1). The notice of appeal, therefore, was untimely.

The Texas Court of Criminal Appeals has expressly held that the failure to timely file a motion for extension of time under such circumstances deprives this Court of jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522–23 (Tex. Crim. App. 1996); *see also Slaton v. State*, 981 S.W.2d 208, 209 n.3 (Tex. Crim. App. 1998) (per curiam).

We notified Larson by letter that his notice of appeal appeared to be untimely and that the appeal was subject to dismissal for want of jurisdiction. We gave Larson ten days to respond to our letter and to demonstrate how we had jurisdiction over the appeal notwithstanding the noted

---

[1]*See* TEX. PENAL CODE ANN. § 22.02(a)(2).

defect. Counsel for Larson filed a motion asking that we find Larson's notice of appeal timely, claiming, among other things, that the notice was filed within fifteen days of the deadline. Larson also sought an extension of the filing deadline. *See* TEX. R. APP. P. 26.3.

Rule 26.3 of the Texas Rules of Appellate Procedure establishes the procedure for obtaining an extension of time in which to file a notice of appeal. Under Rule 26.3, an appellate court has the discretion to grant an extension of time in a criminal matter if, and only if, within fifteen days after the deadline for filing the notice of appeal, the appellant (1) files the notice of appeal in the trial court and (2) files a motion seeking an extension of time in the appellate court. While Larson satisfied the first requirement, he failed to satisfy the second. Larson did file a motion in this Court seeking an extension of the deadline for filing his notice of appeal, but he did not do so within fifteen days after the deadline for filing such notice. As previously stated, the deadline for filing the notice of appeal was June 21, 2019. Consequently, the deadline for filing for an extension of time under Rule 26.3 was July 8, 2019. Larson's motion was filed in this Court on October 7, 2019, making it untimely.

Because Larson has not timely perfected his appeal, we dismiss the appeal for want of jurisdiction.

Scott E. Stevens
Justice

Date Submitted:     October 9, 2019
Date Decided:       October 10, 2019

Do Not Publish

3