

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00360-CR

Monique Denniss **VALLES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 81st Judicial District Court, Wilson County, Texas
Trial Court No. 21-04-00083-W
Honorable Lynn Ellison, Judge Presiding

PER CURIAM

Sitting:      Rebeca C. Martinez, Chief Justice
              Liza A. Rodriguez, Justice
              Lori I. Valenzuela, Justice

Delivered and Filed: August 3, 2022

DISMISSED FOR LACK OF JURISDICTION

The trial court imposed sentence on March 1, 2022. Because appellant timely filed a motion for new trial on March 4, 2022, the notice of appeal was due to be filed on May 30, 2022. TEX. R. APP. P. 26.2(a). A motion for extension of time to file the notice of appeal was due on June 14, 2022. TEX. R. APP. P. 26.3. Appellant, however, did not file her notice of appeal or her motion for extension of time to file her notice of appeal until June 16, 2022.

A timely notice of appeal is necessary to invoke the jurisdiction of a court of appeals. *Taylor v. State*, 424 S.W.3d 39, 43 (Tex. Crim. App. 2014). "A defendant's notice of appeal is

timely if filed within thirty days after the day sentence is imposed or suspended, or within ninety days after sentencing if the defendant timely files a motion for new trial." *Id*. (citing TEX. R. APP. P. 26.2(a)(1)). Here, although appellant filed a timely motion for new trial, she did not file a timely notice of appeal within ninety days after sentencing. Thus, her notice of appeal was late.

"[A] late notice of appeal may be considered timely so as to invoke a court of appeals' jurisdiction if (1) it is filed within fifteen days of the last day allowed for filing, (2) a motion for extension of time is filed in the court of appeals within fifteen days of the last day allowed for filing the notice of appeal, and (3) the court of appeals grants the motion for extension of time." *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Here, both the notice of appeal and the motion for extension of time were filed more than fifteen days of the last day allowed for filing. Accordingly, we lack jurisdiction over this appeal and must deny the motion for extension of time. *See id*. ("When a notice of appeal is filed within the fifteen-day period *but no timely motion for extension of time is filed*, the appellate court lacks jurisdiction.") (emphasis added).

In response to our show cause order, appellant's appointed counsel, on July 18, 2022, filed a motion to abate this appeal, explaining that he intended to file a writ of habeas corpus seeking an out-of-time appeal. Nothing in this opinion or our order prevents appellant from seeking an out-of-time appeal by filing a writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure. *See id*. at 525 n.8; *see also Meza v. State*, No. 04-22-00339-CR, 2022 WL 2821243, at *1 (Tex. App.—San Antonio July 20, 2022, no pet. h.) (dismissing appeal for lack of jurisdiction and explaining that "[n]othing in [the] opinion or order prevents appellant from seeking an out-of-time appeal"). Accordingly, we deny appellant's motion to abate this appeal.

We dismiss the appeal for lack of jurisdiction.

PER CURIAM

DO NOT PUBLISH