

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00510-CR

Michael Adam **KOZITZKI**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2019-CR-12258
Honorable Michael E. Mery, Judge Presiding

PER CURIAM

Sitting:      Patricia O. Alvarez, Justice
               Liza A. Rodriguez, Justice
               Lori I. Valenzuela, Justice

Delivered and Filed: May 24, 2023

DISMISSED FOR LACK OF JURISDICTION

In accordance with a plea-bargain agreement, appellant Michael Adam Kozitzki was sentenced on January 13, 2020, and the trial court signed a judgment of conviction. Because he did not file a motion for new trial, Kozitzki's notice of appeal was due on February 12, 2020. *See* TEX. R. APP. P. 26.2(a)(1) (providing that a defendant's notice of appeal generally must be filed within 30 days after the day sentence is imposed). A motion for extension of time to file Kozitzki's notice of appeal was due on February 27, 2020. *See* TEX. R. APP. P. 26.3 (providing that an appellate court may extend the time to file a notice of appeal if the party, within 15 days after the

deadline for filing the notice, files a notice of appeal in the trial court and a motion for extension of time in the appellate court).

On April 23, 2023, Kozitzki filed in the trial court a motion for leave to file a late notice of appeal. Because the motion shows Kozitzki's desire to appeal the judgment, we construe it as a notice of appeal. *See Harkcom v. State*, 484 S.W.3d 432, 434 (Tex. Crim. App. 2016) (recognizing a notice of appeal is sufficient if it shows the party's desire to appeal from the judgment).

A timely notice of appeal is necessary to invoke this court's jurisdiction. *Taylor v. State*, 424 S.W.3d 39, 43 (Tex. Crim. App. 2014). "Without a timely filed notice of appeal, a court of appeals lacks jurisdiction over the appeal." *Slaton v. State*, 981 S.W.2d 208, 209 (Tex. Crim. App. 1998). Here, the record shows that Kozitzki's notice of appeal was filed more than three years after the deadline for filing his notice of appeal. Because Kozitzki's notice of appeal was untimely, we have no jurisdiction over this appeal. Accordingly, we dismiss this appeal for lack of jurisdiction.[1] *See Taylor*, 424 S.W.3d at 43; *Slaton*, 981 S.W.2d at 209.

PER CURIAM

DO NOT PUBLISH

---

[1] The clerk's record contains a trial court's certification of defendant's right to appeal stating that this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). The clerk's record appears to accurately reflect that this is a plea-bargain case and Kozitzki did not have a right to appeal. Thus, even if Kozitzki had filed a timely notice of appeal, this appeal would, in all likelihood, be subject to dismissal under Texas Rule of Appellate Procedure 25.2(d). *See* TEX. R. APP. P. 25.2(d).
.