

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-23-00126-CR

_____

DESMOND DAJUAN SANDERS, JR., Appellant

V.

THE STATE OF TEXAS

_____

On Appeal from the 90th District Court
Young County, Texas
Trial Court No. CR11766

_____

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Chief Justice Sudderth

# MEMORANDUM OPINION

Appellant Desmond Dajuan Sanders, Jr. attempts to appeal a judgment adjudicating his guilt following his unsuccessful stint on deferred adjudication community supervision. But his notice of appeal was untimely; the notice was due "within 30 days after the day sentence [wa]s imposed . . . in open court,"[1] Tex. R. App. P. 26.2(a)(1), and it was not filed until the thirty-first day—one day too late. *See* Tex. R. App. P. 4.1(a).

"A timely notice of appeal is necessary to invoke a court of appeals's jurisdiction," *Taylor v. State*, 424 S.W.3d 39, 43 (Tex. Crim. App. 2014); *see* Tex. R. App. P. 25.2(b), so we notified Appellant of our concern that his untimely notice deprived us of jurisdiction. We warned him that we could dismiss the appeal for want of jurisdiction unless, within ten days, he provided evidence that his notice of appeal had been timely filed,[2] or he showed other grounds for continuing the appeal. *See* Tex. R. App. P. 44.3. More than ten days have passed, but we have not received a response.

---

[1]Appellant has not provided any indication that he filed a motion for new trial. *Cf.* Tex. R. App. P. 26.2(a)(2).

[2]We noted that our record showed no motion for new trial, and we asked him to provide evidence that he had placed his notice of appeal in the mail on or before the deadline. *See* Tex. R. App. P. 9.2(b); *Taylor*, 424 S.W.3d at 43–44 (discussing mailbox rule in Rule 9.2). Even this was a stretch, though, as Appellant's notice of appeal appears to have been electronically filed by his counsel.

Because Appellant's notice of appeal was untimely, we dismiss his appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f); *Walker v. State*, Nos. 02-22-00114-CR, 02-22-00115-CR, 2022 WL 4272865, at *1 (Tex. App.—Fort Worth Sept. 15, 2022, no pet.) (per curiam) (mem. op., not designated for publication).

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: July 6, 2023