

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00882-CR

Wesley **HENDERSON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2021CR4006
Honorable Kevin M. O'Connell, Judge Presiding

PER CURIAM

Sitting:    Irene Rios, Justice
            Beth Watkins, Justice
            Liza A. Rodriguez, Justice

Delivered and Filed: December 13, 2023

DISMISSED FOR LACK OF JURISDICTION

A timely notice of appeal is necessary to invoke the jurisdiction of a court of appeals. *Taylor v. State*, 424 S.W.3d 39, 43 (Tex. Crim. App. 2014). "A defendant's notice of appeal is timely if filed within thirty days after the day sentence is imposed or suspended, or within ninety days after sentencing if the defendant timely files a motion for new trial." *Id.* (citing TEX. R. APP. P. 26.2(a)).

The trial court imposed sentence in the underlying cause on June 30, 2023. Because appellant timely filed a motion for new trial, the notice of appeal was due to be filed on

September 28, 2023. TEX. R. APP. P. 26.2(a)(2). A motion for extension of time to file the notice of appeal was due on October 13, 2023. TEX. R. APP. P. 26.3. Appellant filed his notice of appeal on October 3, 2023, but did not file a motion for extension of time to file the notice of appeal. "When a notice of appeal is filed within the fifteen-day period [after the notice of appeal is due] but no timely motion for extension of time is filed, the appellate court lacks jurisdiction." *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).

On October 24, 2023, we ordered appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. In his response, appellant concedes the notice of appeal is untimely; however, appellant requests we grant him leave to file an out-of-time notice of appeal. We do not have jurisdiction to grant leave to file an out-of-time appeal. *See Constancio v. State*, No. 04-00-00248-CR, 2000 WL 1154629, at *1 (Tex. App.—San Antonio Aug. 16, 2000, no pet.) (mem. op., not designated for publication). "The appellant in a criminal case may pursue an out-of-time appeal by filing a writ of habeas corpus with the Court of Criminal Appeals." *Id.*; *see also Charles v. State*, 809 S.W.2d 574, 576 (Tex. App.—San Antonio 1991, no writ) ("Under the circumstances of this case, the appropriate procedure would be a post-conviction writ of habeas corpus seeking an out-of-time appeal."). Accordingly, appellant's motion for leave to file an out-of-time appeal is denied and we dismiss this appeal for lack of jurisdiction.

PER CURIAM

Do not publish