

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00370-CR

John Edward **RODARTE**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2003CR6651
Honorable Catherine Torres-Stahl, Judge Presiding

PER CURIAM

Sitting:      Liza A. Rodriguez, Justice
               Lori I. Valenzuela, Justice
               Lori Massey Brissette, Justice

Delivered and Filed: October 23, 2024

DISMISSED FOR LACK OF JURISDICTION

On May 20, 2024, John E. Rodarte filed a pro se notice of appeal in Trial Court Cause No. 2003-CR-6651 in the 175th Judicial District Court, Bexar County, Texas. Rodarte states in his notice of appeal that he seeks to appeal from the trial court's January 30, 2024 order dismissing his pleadings. The clerk's record has now been filed.

The clerk's record reflects that in Trial Court Cause No. 2003-CR-6651, John E. Rodarte Sr. was found guilty by a jury of aggravated sexual assault of a child on Count I of the indictment and sentenced to life imprisonment. With respect to Count II, he was found guilty of indecency

with a child by contact and sentenced to twenty years of imprisonment. For both counts, his sentence was imposed on September 3, 2004.

The clerk's record further reflects the following: on October 30, 2023, Rodarte filed a pleading titled: "Relator John E. Rodarte Motions for the Court to Reinvoke Jurisdiction in Cause 2003-CR-6651 Pursuant to Texas Rules of Civ. Pro. 21, 165a3,4, 306a, 316, 239b; Relator Rodarte Motions for Leave of Court to Proceed with Motions and Pleadings, With Brief in Support Thereof." On November 6, 2023, Rodarte also filed a pleading titled: "Relator John E. Rodarte Motions for Leave of Court; To Also Utilize the Application of Nunc Pro Tunc to the Submissions Dated October 26, 2023; With Brief in Support Thereof."

On January 30, 2024, the trial court signed an order dismissing the above motions for lack of jurisdiction, stating that it "no longer ha[d] jurisdiction" and that Rodarte had not "filed a pleading that would invoke the trial court's jurisdiction or trigger any other statutory duty requiring action by this court." As noted above, Rodarte did not file his notice of appeal until May 20, 2024. He did file a "motion for new trial," but that motion was also not filed until May 20, 2024. Thus, even if we assume the trial court's January 30, 2024 order is an appealable order, Rodarte's notice of appeal was not timely filed and could not invoke the jurisdiction of this court. *See* TEX. R. APP. P. 26.2(a) (requiring notice of appeal in a criminal case to be filed within thirty days after the day the trial court signs an appealable order); *Taylor v. State*, 424 S.W.3d 39, 43 (Tex. Crim. App. 2014) ("A timely notice of appeal is necessary to invoke [a court of appeals's] jurisdiction.).

In his notice of appeal, Rodarte asked this court "for an extension of time in excess of the allotted 90 days for perfecting [an] appeal." We have no authority to grant such an extension for an out-of-time appeal. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (holding that if appeal is not timely perfected, court of appeals does not obtain jurisdiction to address merits

of appeal, and court may take no action other than to dismiss appeal; court may not suspend rules to alter time for perfecting appeal).

On July 23, 2024, we ordered Appellant John E. Rodarte to show cause on or before August 12, 2024 why this appeal should not be dismissed for lack of jurisdiction. Rodarte has not filed a written response that shows we have jurisdiction over this appeal. Therefore, we dismiss this appeal for lack of jurisdiction.

PER CURIAM

DO NOT PUBLISH