

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| PAUL ZAPATA, JR.,<br>　　　　　　Appellant, | § | No. 08-25-00025-CR |
| | § | Appeal from the |
| v. | § | 421st District Court |
| THE STATE OF TEXAS,<br>　　　　　　Appellee. | § | of Caldwell County, Texas |
| | § | (TC#22-238) |

**<u>MEMORANDUM OPINION</u>**

This appeal is before the Court on its own motion to determine whether it should be dismissed for want of jurisdiction due to an untimely perfection of the appeal.

On November 29, 2024, Appellant Paul Zapata filed a notice of appeal in the trial court, wherein he attempted to appeal from a judgment of conviction finding him guilty of possession of a firearm by a felon.[1] Weeks later, on December 4, 2024, Zapata filed in the trial court a pleading titled, "corrected motion for new trial," which include no reference to a preceding motion. Zapata's filings call into question the court's jurisdiction over the appeal.

---

[1] This appeal was transferred to this Court from the Third Court of Appeals pursuant to a Texas Supreme Court docket equalization order. Accordingly, we apply the Third Court of Appeals' precedent to the extent it conflicts with our own. *See* Tex. R. App. P. 41.3.

A timely notice of appeal is necessary to invoke a court of appeals's jurisdiction. *Taylor v. State*, 424 S.W.3d 39, 43 (Tex. Crim. App. 2014). In a criminal case, a notice of appeal by a defendant must be filed within 30 days after the sentence is imposed or suspended in open court, or after the date the trial court enters an appealable order; or within 90 days after the day sentence is imposed or suspended in open court if the defendant timely files a motion for new trial. Tex. R. App. P. 26.2(a)(1) and (2). To be considered timely, a motion for new trial must be filed no later than 30 days after the date sentence is imposed. Tex. R. App. P. 21.4(a). A defendant who wishes to amend a motion for new trial, may do so without leave of court, within 30 days of the date sentence is imposed, if the court has not overruled any preceding motion for new trial. Tex. R. App. P. 21.4(b). A trial court must rule on a motion for new trial within 75 days after imposing or suspending sentence in open court. Tex. R. App. P. 21.8 (a). If not timely ruled on by written order, the motion is deemed denied when the 75-day period prescribed by Rule 21.8 (a) expires. Tex. R. App. P. 21.8(c).

Here, Zapata's notice of appeal states that sentence was imposed on November 26, 2024. However, the judgment of conviction indicates on its face that sentence was imposed on March 20, 2024. Calculating the deadline for perfecting the appeal using the judgment date of March 20, 2024, Zapata's notice of appeal was due either on April 19, 2024, if no motion for new trial was filed, or June 18, 2024, if a motion for new trial was timely filed. *See* Tex. R. App. P. 26.2. The district clerk's information sheet indicates that no motion for new trial was filed in the trial court. Consistent with that record, no motion for new trial preceding the "corrected motion for new trial" filed on December 4, 2024 is referenced. Thus, the motion of December 4, 2024, was untimely filed more than 30 days after the judgment of March 20, 2024. *See* Tex. R. App. P. 21.4(a). Because no timely motion for new trial was filed, the notice of appeal was due no later

2

than April 19, 2024. However, Zapata filed his notice of appeal on November 29, 2024, or months after the filing deadline.

By letter dated January 9, 2025, the Clerk of this Court notified Zapata that his appeal appeared to be untimely filed. The letter admonished Zapata that his appeal would be dismissed after 20 days, unless grounds were shown for the Court to continue the appeal. Despite the Clerk's notice, Zapata has failed to respond to the Court's jurisdictional inquiry. Because it appears this appeal was not timely perfected, and no grounds have been shown for continuing the appeal and required notice has been given, we dismiss for want of jurisdiction. *See* Tex. R. App. P. 26.2 (providing deadlines for perfecting a criminal appeal), 43.2(f) (authorizing dismissal of an appeal).


GINA M. PALAFOX, Justice

February 7, 2025

Before Salas Mendoza, C.J., Palafox and Soto, JJ.

(Do Not Publish)

3