

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-24-00843-CR

Noah Thomas **JUAREZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2024CR009490W
Honorable Miguel Najera, Judge Presiding

PER CURIAM

Sitting:　　Lori Massey Brissette, Justice
　　　　　　Adrian A. Spears II, Justice
　　　　　　H. Todd McCray, Justice

Delivered and Filed: February 19, 2025

DISMISSED FOR LACK OF JURISDICTION

Appellant Noah Thomas Juarez seeks to appeal the trial court's judgment of conviction. A timely notice of appeal is necessary to invoke a court of appeals' jurisdiction. *See Taylor v. State*, 424 S.W.3d 39, 43 (Tex. Crim. App. 2014); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). A review of the record shows the trial court imposed sentence on November 1, 2024, and because Juarez did not file a motion for new trial, his notice of appeal was due by December 2, 2024 or a notice and motion for extension of time was due fifteen days later on December 17, 2024. *See* Tex. R. App. P. 26.2(a)(1), 26.3. The record contains a notice of appeal file stamped

December 6, 2024. *See* TEX. R. APP. P. 26.2. It does not include a motion for an extension of time. *See* TEX. R. APP. P. 26.3.

Accordingly, it appeared the notice of appeal was untimely filed. We therefore ordered appellant to show cause in writing why this appeal should not be dismissed for lack of jurisdiction by January 29, 2025. *See Taylor*, 424 S.W.3d at 43; *Olivo*, 918 S.W.2d at 522; *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241 (Tex. Crim. App. 1991) (out-of-time appeal from final felony conviction may be sought by filing a writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure). We admonished appellant if he failed to respond to our order by the date ordered, this appeal would be dismissed for lack of jurisdiction. *See* TEX. R. APP. P. 42.3. We further admonished appellant if a supplemental clerk's record is necessary to show this court's jurisdiction, he had the burden to request the trial court clerk to prepare the record and file a copy of the request with this court.

Appellant did not file a response. Accordingly, we dismiss this appeal for lack of jurisdiction. *See Olivo*, 918 S.W.2d at 522; *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (out-of-time appeal from final felony conviction may be sought by filing writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure).

PER CURIAM

DO NOT PUBLISH