

# Fourth Court of Appeals
## San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-26-00281-CR

Ruben Arcadio **RAMIREZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2024-CR-008016
Honorable Frank J. Castro, Judge Presiding

PER CURIAM

Sitting:    Adrian A. Spears II, Justice
            H. Todd McCray, Justice
            Velia J. Meza, Justice

Delivered and Filed: June 24, 2026

DISMISSED FOR LACK OF JURISDICTION

The trial court imposed sentence on February 5, 2026. Because appellant did not timely file a motion for new trial, the notice of appeal was due to be filed on March 9, 2026. *See* TEX. R. APP. P. 26.2(a)(1). Appellant did not file a notice of appeal until March 31, 2026.

A timely notice of appeal is necessary to invoke the jurisdiction of this court. *Taylor v. State*, 424 S.W.3d 39, 43 (Tex. Crim. App. 2014). "A defendant's notice of appeal is timely if filed within thirty days after the day sentence is imposed or suspended, or within ninety days after

sentencing if the defendant timely files a motion for new trial." *Id*. (citing TEX. R. APP. P. 26.2(a)(1)). If an appeal is not timely perfected, we do not obtain jurisdiction to address the merits of the appeal and can take no action other than to dismiss the appeal for lack of jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

Because appellant did not timely file a notice of appeal, we ordered him to show cause why this appeal should not be dismissed for lack of jurisdiction. Appellant filed a response, but it does not demonstrate our jurisdiction over this appeal. Accordingly, we dismiss this appeal for lack of jurisdiction. *See Taylor*, 424 S.W.3d at 43; *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (out-of-time appeal from final felony conviction may be sought by filing writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure).

PER CURIAM

DO NOT PUBLISH