

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-15-00387-CR
### NO. 02-15-00388-CR
### NO. 02-15-00389-CR

TRAYWANN HOLLOWAY                          APPELLANT

V.

THE STATE OF TEXAS                             STATE

----------

### FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY
### TRIAL COURT NOS. 1400024D, 1369784D, 1369783D

----------

## MEMORANDUM OPINION[1]

----------

On April 9, 2015, appellant Traywann Holloway pleaded guilty to and was convicted of unlawful possession of a firearm, possession with the intent to deliver between one and four grams of cocaine, and possession with the intent to deliver between one and four grams of heroin. *See* Tex. Health & Safety Code Ann. § 481.112(c) (West 2010); Tex. Penal Code Ann. § 46.04(a) (West 2011).

---

[1]*See* Tex. R. App. P. 47.4.

In each case, the trial court certified that Holloway had no right to appeal. *See* Tex. R. App. P. 25.2(a)(2). We received Holloway's notices of appeal from the convictions on September 25, 2015, recorded the date of receipt on the notices, and sent them to the trial court clerk for filing. *See* Tex. R. App. P. 25.2(c)(1); *see also Taylor v. State*, 424 S.W.3d 39, 44 (Tex. Crim. App. 2014) (holding date of receipt in court of appeals and date subsequently filed in trial court are operative dates for determining timeliness of notice of appeal). The notices of appeal were filed in the trial court four days later. *See* Tex. R. App. P. 9.2(b); *Taylor*, 424 S.W.3d at 44.

On October 26, 2015, we notified Holloway that we did not believe we had jurisdiction over his appeals because the notices of appeal had not been filed timely and because the trial court had certified he had no right to appeal. *See* Tex. R. App. P. 25.2(d), 26.2. We warned Appellant that we would dismiss his appeals for want of jurisdiction unless he responded showing grounds to continue the appeals. *See* Tex. R. App. P. 44.3. Appellant responded that his notices were untimely because he received ineffective assistance of counsel and requested that we appoint counsel to assist him and that we grant him out-of-time appeals.

Our appellate jurisdiction is triggered through a timely filed notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). If a notice of appeal is not timely filed under Rule 26.2, we do not have jurisdiction to address the merits of the appeal and may take no action—including granting an

2

out-of-time appeal—other than dismissal. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). Rule 26.2(a) requires that a notice of appeal be filed within thirty days after the date the trial court imposes sentence. Tex. R. App. P. 26.2(a). Holloway did not file his notices of appeal within thirty days of the trial court's imposition of sentences. Further, the trial court certified in each of the causes Holloway is attempting to appeal that he had no right to appeal based on his guilty pleas entered under a plea-bargain agreement, and Holloway has not indicated that he is appealing from a ruling on a pretrial motion or that he gained the trial court's permission to appeal. *See* Tex. R. App. P. 25.2(a)(2), 25.2(d). Holloway's guilty pleas, therefore, bar our consideration of his appeals. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006). For these reasons, we dismiss the appeals for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL: LIVINGSTON, C.J.; GABRIEL and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: November 19, 2015

3