

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-21-00346-CR

Noel **RAMOS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2013CR5308B
Honorable Pat Priest, Judge Presiding

PER CURIAM

Sitting:      Rebeca C. Martinez, Chief Justice
             Patricia O. Alvarez, Justice
             Lori I. Valenzuela, Justice

Delivered and Filed: October 6, 2021

DISMISSED FOR WANT OF JURISDICTION

The trial court imposed sentence in Noel Ramos's underlying criminal case on May 27, 2014. Because Ramos did not file a motion for new trial, the notice of appeal was due to be filed on June 26, 2014. TEX. R. APP. P. 26.2(a)(1). On August 18, 2021, Ramos filed a pro se "Late Notice of Appeal," which we will construe as a motion to late-file his notice of appeal.

"A timely notice of appeal is necessary to invoke the jurisdiction of this Court." *Taylor v. State*, 424 S.W.3d 39, 43 (Tex. Crim. App. 2014). "A defendant's notice of appeal is timely if filed within thirty days after the day sentence is imposed or suspended, or within ninety days after

sentencing if the defendant timely files a motion for new trial." *Id.* (citing TEX. R. APP. P. 26.2(a)(1)). Because Ramos did not timely file a notice of appeal, it appeared we lacked jurisdiction over this appeal. Therefore, on August 30, 2021, this court ordered Ramos to show cause no later than September 13, 2021 why this appeal should not be dismissed for lack of jurisdiction. Our order cautioned Ramos that if he did not timely respond, this appeal would be dismissed. All appellate deadlines were suspended until further order of the court. Ramos did not respond to our August 30, 2021 order.

Because we lack jurisdiction over this appeal, the appeal is dismissed for want of jurisdiction. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (holding that if appeal is not timely perfected, court of appeals does not obtain jurisdiction to address merits of appeal, and court may take no action other than to dismiss appeal; court may not suspend rules to alter time for perfecting appeal); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241 (Tex. Crim. App. 1991) (explaining that writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure governs out-of-time appeals from felony convictions).

PER CURIAM

Do not publish