

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00630-CR

Latoya Marchelle **DOWDEN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2013CR9226W
Honorable Raymond Angelini, Judge Presiding

PER CURIAM

Sitting:      Luz Elena D. Chapa, Justice
              Irene Rios, Justice
              Beth Watkins, Justice

Delivered and Filed: December 23, 2024

DISMISSED FOR LACK OF JURISDICTION

Appellant Latoya Marchelle Dowden seeks to appeal the trial court's judgment revoking her community supervision. A timely notice of appeal is necessary to invoke a court of appeals' jurisdiction. *See Taylor v. State*, 424 S.W.3d 39, 43 (Tex. Crim. App. 2014); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). A review of the record shows the trial court revoked her community supervision and imposed sentence on January 29, 2019. Because Dowden did not file a motion for new trial, her notice of appeal was then due by February 28, 2019, or a notice and motion for extension of time was due fifteen days later on March 15, 2019. *See* TEX. R. APP. P.

26.2(a)(1), 26.3. The record contains a notice of appeal file stamped September 3, 2024. *See* TEX. R. APP. P. 26.3.

Because it appeared the notice of appeal was untimely filed, we ordered Dowden to show cause in writing no later than November 25, 2024, why this appeal should not be dismissed for lack of jurisdiction. We admonished Dowden that a failure to satisfactorily respond to this court's order within the time provided would result in the dismissal of the appeal. We further admonished Dowden if a supplemental clerk's record is necessary to show this court's jurisdiction, she had the burden to request the trial court clerk to prepare the record and file a copy of the request with this court.

Dowden did not file a response. Accordingly, we dismiss this appeal for lack of jurisdiction. *See Olivo*, 918 S.W.2d at 522; *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (out-of-time appeal from final felony conviction may be sought by filing writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure).

PER CURIAM

DO NOT PUBLISH