

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-24-00750-CR

Michael Anthony **ALEMAN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2023CR0560
Honorable Michael E. Mery, Judge Presiding

PER CURIAM

Sitting:      Irene Rios, Justice
                   Lori I. Valenzuela, Justice
                   Lori Massey Brissette, Justice

Delivered and Filed: January 22, 2025

DISMISSED FOR LACK OF JURISDICTION

Pursuant to a plea-bargain agreement, appellant pled nolo contendere to one count of theft from an elderly person in the amount of $750.00 or more but less than $2,500.00 and, in accordance with the terms of his plea-bargain agreement, was fined $1,500.00 and placed on deferred adjudication community supervision.

On August 21, 2024, the trial court modified the conditions of appellant's community supervision to require appellant to participate in a drug treatment program. Appellant attempts to

appeal the trial court's order amending conditions of his deferred adjudication community supervision.

A timely notice of appeal is necessary to invoke the jurisdiction of a court of appeals. *Taylor v. State*, 424 S.W.3d 39, 43 (Tex. Crim. App. 2014). "A defendant's notice of appeal is timely if filed within thirty days after the day sentence is imposed or suspended, or within ninety days after sentencing if the defendant timely files a motion for new trial." *Id.* (citing TEX. R. APP. P. 26.2(a)(1)).

Because a motion for new trial was not filed, the notice of appeal was due to be filed on September 20, 2024. Tex. R. App. P. 26.2(a)(1). A motion for extension of time to file the notice of appeal was due on October 7, 2024. Tex. R. App. P. 26.3. Even using the most liberal application of the mailbox rule, appellant did not file his notice of appeal until October 24, 2024.[1] Further, appellant did not file a motion for extension of time to file his notice of appeal. Thus, appellant's notice of appeal is untimely.

On November 15, 2024, we ordered appellant to show cause why this appeal should not be dismissed for lack of jurisdiction.[2] To date, appellant has not responded to our order. Accordingly, we dismiss this appeal for lack of jurisdiction.

PER CURIAM

DO NOT PUBLISH

---

[1] Appellant mailed his notice of appeal. Under the mailbox rule, "a document that must be filed on a certain date is considered to be timely filed if it is postmarked on that date and timely deposited in the United States mail system on that date." *Castillo v. State*, 369 S.W.3d 196, 199–200 (Tex. Crim. App. 2012). However, documents filed by "*pro se* inmates shall be deemed filed at the time they are delivered to prison authorities for forwarding to the court clerk." *Campbell v. State*, 320 S.W.3d 338, 344 (Tex. Crim. App. 2010). Here, the record reflects that the notice of appeal was drafted on October 24, 2024. The notice of appeal was mailed from the Bexar County Detention Center and postmarked on October 25, 2024. Even if we were to assume appellant handed his notice of appeal to prison officials on October 24, 2024, it is still untimely.

[2] Our show cause order also stated we have found no statute authorizing a criminal defendant to appeal an order amending conditions of deferred adjudication community supervision and questioned whether appellant was entitled to appeal the trial court's order.