

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00876-CR

Stephen Wayne **RICHARDSON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2010CR10629-W7
Honorable Frank J. Castro, Judge Presiding

PER CURIAM

Sitting:      Rebeca C. Martinez, Chief Justice
               H. Todd McCray, Justice
               Velia J. Meza, Justice

Delivered and Filed: April 30, 2025

DISMISSED

Appellant, Stephen Wayne Richardson, was convicted of manslaughter, a second-degree felony, on June 11, 2012. *See Richardson v. State*, No. 04-12-00379-CR, 2013 WL 5653400, at *1 (Tex. App.—San Antonio Oct. 16, 2013, no pet.) (mem. op., not designated for publication). We affirmed his conviction in 2013. *Id*. at *3. His conviction is final.

On June 14, 2024, Richardson filed an application for a writ of habeas corpus seeking relief from a final felony conviction under Texas Code of Criminal Procedure Article 11.07. On October 7, 2024, the trial court issued an order recommending that the Court of Criminal Appeals decline

to consider the merits of Richardson's claims under Article 11.07, § 4, and that the Court of Criminal Appeals dismiss Richardson's application.

On December 19, 2024, Richardson filed a notice of appeal, in which he requests that this court exonerate him, set an immediate hearing, and release him "from his wrongful conviction in [sic] from custody."

"A timely notice of appeal is necessary to invoke the jurisdiction of this Court." *Taylor v. State*, 424 S.W.3d 39, 43 (Tex. Crim. App. 2014). But the deadline for Richardson to file a notice of appeal from his judgment of conviction has long since expired. *See* TEX. R. APP. P. 26.2(a)(1), 26.3; *Richardson v. State*, No. 04-19-00770-CR, 2019 WL 6331403, at *1 (Tex. App.—San Antonio Nov. 27, 2019, no pet.) (mem. op., not designated for publication).

Moreover, an appellant is not entitled to a second direct appeal. Richardson, however, has previously appealed from his judgment of conviction, which we affirmed. *See Richardson*, 2013 WL 5653400, at *3; *see also Richardson*, 2019 WL 6331403, at *1; *cf. Ex parte Richardson*, No. 04-22-00636-CR, 2022 WL 16827630, at *1 (Tex. App.—San Antonio Nov. 9, 2022, no pet.) (mem. op., not designated for publication) (stating the conviction Richardson challenges in this case is final); *In re Richardson*, No. 04-22-00065-CR, 2022 WL 465405, at *1 (Tex. App.—San Antonio Feb. 16, 2022, orig. proceeding) (mem. op, not designated for publication) (same); *In re Richardson*, No. 04-19-00095-CR, 2019 WL 1139831, at *1 (Tex. App.—San Antonio March 13, 2019, orig. proceeding) (mem. op., not designated for publication) (same).

Finally, under the exclusive procedure outlined in article 11.07, only the convicting trial court and the Court of Criminal Appeals have jurisdiction to consider the merits of a post-conviction habeas application in a felony case, and only the Court of Criminal Appeals has jurisdiction to ultimately grant or deny habeas relief. *See* TEX. CODE CRIM. PROC. art. 11.07; *Bd. of Pardons & Paroles ex rel. Keene v. Ct. of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex.

Crim. App. 1995); *Ater v. Eighth Ct. of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991). "Article 11.07 contains no role for the court of appeals." *In re McAfee*, 53 S.W.3d 715, 718 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding).

Because it appeared that we lack jurisdiction over this appeal, on March 10, 2025, we ordered Richardson to show cause in writing by March 25, 2025, why this appeal should not be dismissed for lack of jurisdiction. Richardson's response, filed on March 24, 2025, fails to show that we have jurisdiction over this proceeding.

Accordingly, we dismiss this appeal for lack of jurisdiction. We dismiss any pending motions as moot.

PER CURIAM

DO NOT PUBLISH